IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00218-KLM

MARY ANN GEORGE,

    Plaintiff,

v.

KURT RIGGIN, and
SHAWN ELKEHANNA GLAZER,

    Defendants.

_____

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Order to Show Cause** [#4],[1] to which Defendant Kurt Riggin filed a Response [#5].[2] On February 2, 2015, Defendant Kurt Riggin ("Riggin"), who proceeds in this matter as a pro se litigant,[3] filed a Notice of Removal [#1] purporting to remove Case No. 2006 C 011544 from the District Court of Jefferson County. Defendant Riggin asserts that this Court has federal question jurisdiction pursuant to 28

---

[1] "[#4]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order and Recommendation.

[2] Defendant Riggin also filed a document titled "Answer to show cause and amended notice of removal," which the Court has also examined in connection with this Recommendation.

[3] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

U.S.C. § 1331 because the case concerns the Brady Handgun Violence Prevention Act, 18 U.S.C. § 922(g)(8).  *Notice of Removal* [#1] at 1.  Defendant Riggin further asserts that this Court has diversity jurisdiction because he is a citizen of an "Indian Tribe[, namely] the Kikiallus Nation."  *See id.*; *Answer* [#6] at 1.

Although Defendant Riggin provides little background for this matter in the Notice of Removal, it appears that in 2006 a state court judge imposed restraining orders on both him and Defendant Glazer with respect to Plaintiff.[4]  [#1] at 3-10.  From the summary court proceedings, it appears that Defendant Riggin attempted to contest the restraining order in 2007, and that Defendant Glazer attempted to contest the restraining order in 2011.  *Id.* at 10.  Both attempts were denied, and the case has been closed and dormant since March 2011.  *Id.*

The undersigned has serious concerns about whether this Court has subject matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332.  For example, although the state court judge found that Defendant Riggin "is governed by the Brady Handgun Violence Prevention Act, 18 U.S.C. § 922(d)(8) and (g)(8)," that he must "[k]eep a distance [of] at least 100 yards from protected parties, and the children," and that he must therefore "not possess and/or purchase a firearm, ammunition, or other weapon," there is no indication that violation of any federal statute was asserted as a claim against either Defendant in the underlying action.  In removal cases, the Court examines only the face of the plaintiff's complaint in order to determine whether federal question jurisdiction exists*.  See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  Here, however, there is no

---

[4] Neither Defendant Glazer nor Plaintiff have entered an appearance in this matter.

indication that this action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To the extent Plaintiff asserts that he is chief of the Kikiallus Indian Nation, he has provided no authority, and the Court has found none, that this status alone confers subject matter jurisdiction to hear any dispute he may wish to raise.

Further, there is no indication from the Notice of Removal [#1] (or even from the supporting documents) that there is complete diversity among the parties. *See* 28 U.S.C. § 1332(a). Rather, the opposite appears to be true, as the only addresses provided for any of the parties are in the State of Colorado, *see Notice of Removal* [#1] at 3-6, 8-10, and there is no indication that Plaintiff Mary Ann George is diverse from both Defendants.

In addition, Defendant Riggin has provided no explanation of how the underlying case, which appears to only involve the imposition of restraining orders, could exceed the $75,000 jurisdictional limit. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (stating that the removing party bears the burden of proving that the state court action involves an amount that exceeds the jurisdictional limit, and holding that there was no diversity jurisdiction where neither the complaint nor the notice of removal established the requisite amount in controversy). "In a removed case, there is a strong presumption that the plaintiff has not claimed a large enough amount to confer jurisdiction." *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208, 1211 (D. Colo. 2007) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290-92 (1938)). Here, Plaintiff states in his Response to the Order to Show Cause that "it is difficult to quantify such benefits such as the meat, relaxation, enjoyment, and other intangibles, which eight years of hunting and sport shooting could have afforded me, however they are worth well over $75,000 to me." [#5] at 4. However, these vague assertions are insufficient for the Court to find that the amount

in controversy is met. *See, e.g.*, *Deshaw v. Mortg. Elec. Registration Sys., Inc.*, No. 14-00055 SOM/KSC, 2014 WL 3420771, at *5 (D. Haw. July 10, 2014) (stating that "[c]ourts are often disinclined to speculate as to the monetary value of something so vague and amorphous as a feeling of uncertainty. As the party asserting the existence of diversity jurisdiction, Plaintiffs have the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiffs have failed to meet this burden. The value of the object of this litigation is uncertain and highly speculative, and Plaintiffs have not put forward any reason for the court to conclude that over $75,000 is at issue." (internal citations and quotation marks omitted)); *Gordon v. East Skelly, LLC*, No. 13-6570, 2014 WL 2894923, at *2 (E.D. La. June 25, 2014) ("As far as intangible damages, [the plaintiff] has back and neck pain, cannot concentrate or sit and stand for extended periods, cannot perform floor exercises in her favorite exercise class, and has had two nights of lost sleep. Though these damages may be significant to [the plaintiff], nothing indicates that their value exceeds the necessary $75,000." (internal footnote omitted)).

Finally, the Court appears to lack jurisdiction because there is no case or controversy for the Court to decide. *See, e.g.*, *Four Aces Mobile Home Estates v. Lundahl*, 35 F. Supp. 2d 1337, 1340 (D. Utah 1998). The underlying case appears to have been adjudicated and closed since March 2011. *Notice of Removal* [#1] at 10. There is no indication that any appeal was taken. Thus, it appears that the restraining order action is no longer pending in any Colorado court, and this Court "cannot (and will not) sit as a court of appeals to review the actions" of a Colorado state court that "has apparently spoken and decided the issues." *Lundahl*, 35 F. Supp. 2d at 1340.

In the Response to the Order to Show Cause, Plaintiff argues that "[t]he removal to

federal court o[f] this action is actually based on a current criminal prosecution before the district court" in "case #12M6211 in which I am accused of violating the protective order issued in this civil case . . . ." [#5] at 1. It appears, however, that Case No. 12M6211 proceeded to trial in Jefferson County Court on September 10, 2015, and that Plaintiff was acquitted. *See Notice of Suggestion of Mootness* [#10] in 15-cv-01503-REB-KLM; *see Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Again, without a case or controversy to adjudicate, there is no subject matter jurisdiction in this Court over this matter. *See id.* (citing U.S. Const. art. III, § 2 (federal courts only have power to adjudicate actual cases and controversies)). Regardless, to the extent Plaintiff argues that the removal of this action was based on Case No. 12M6211 in Jefferson County Court, the Court notes that Case No. 12M6211 is simply not the case which was actually removed. *See Notice of Removal* [#1].

Relatedly, the removal statute itself also supports the same conclusion, in that there must be a *pending* state court action for removal to occur. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court . . . may be removed . . . to the district court . . . where such action is pending."); *see also* 28 U.S.C. § 1446(a) ("A defendant . . . shall file in the district court . . . within which such action is pending . . . ."); 28 U.S.C. § 1447(d) ("Promptly after filing of such notice of removal . . . the State court shall proceed no further unless and until the case is remanded."). Thus, "[t]he absence of a pending state court action therefore defeats both removal and this Court's jurisdiction." *Lundahl*, 35 F. Supp. 2d at 1340.

As the requirements for neither federal question jurisdiction (28 U.S.C. § 1331) nor diversity jurisdiction (28 U.S.C. § 1332) appear to be met, and as there appears to be no

ongoing underlying case or controversy, the Court concludes that it lacks subject matter jurisdiction over this lawsuit. "[S]tatutes which confer federal court jurisdiction—particularly removal statutes—are to be narrowly construed so as to preserve the limited role of federal courts." *Baker*, 557 F. Supp. 2d at 1211 (citing *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005)). In a removed lawsuit, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 18 U.S.C. § 1447. Such are the circumstances present here.

This case was assigned to a United States Magistrate Judge pursuant to the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges [#13][5] (the "Pilot Program").[6] Pursuant to the Pilot Program, "[f]iling of the Consent Form is mandatory, indicating either the unanimous consent of the parties or that consent has been declined." *Id.* at 3. To date the parties have not filed the Consent Form indicating whether they consent to have a United States magistrate judge conduct all proceedings. Accordingly,

IT IS HEREBY **ORDERED** that this case shall be assigned to a district judge under D.C.COLO.LCivR 40.1(a).

IT IS FURTHER **ORDERED** that the Order to Show Cause [#4] is **MADE ABSOLUTE**.

IT IS FURTHER **RECOMMENDED** that the this case be **REMANDED** to the District

---

[5] "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

[6] The Pilot Program has since been adopted and incorporated into the Court's Local Rules as of December 1, 2015. *See* D.C.COLO.LCivR 40.1(c).

Court of Jefferson County, Colorado, based on this Court's lack of subject matter jurisdiction over the removed action. *See, e.g.*, *In re Thomas*, 348 F. App'x 413, 414-18 (10th Cir. 2009) (providing that it was appropriate to remand a lawsuit to state court in part because the case had been improperly removed to a federal bankruptcy court after the state-court lawsuit had already been closed).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: December 14, 2015

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge