**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00218-KLM

MARY ANN GEORGE,

    Plaintiff,

v.

KURT RIGGIN, and
SHAWN ELKEHANNA GLAZER,

    Defendants.

**ORDER ADOPTING RECOMMENDATIONS OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) the **Answer to Show Cause and Amended Notice of Removal - Motion for Leave To File Late Notice of Removal per 28 U.S.C. 1445(b)(1)** [#6][1] filed March 16, 2015; and (2) the **Order and Recommendation of United States Magistrate Judge** [#9] filed December 14, 2015. No objections to the recommendation was filed.  Therefore, I review the recommendation for plain error only.[2]  *See **Morales-Fernandez v. Immigration & Naturalization Service***, 418 F.3d 1116, 1122 (10th Cir. 2005).  Finding no error, much

---

[1] "[#6]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] This standard pertains even though plaintiff is proceeding *pro se* in this matter. **Morales-Fernandez**, 418 F.3d at 1122.  In addition, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  *See **Erickson v. Pardus***, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

less plain error, in the recommendation, I find and conclude that recommendation should be approved and adopted.

The defendant, Kurt Riggin, filed a notice of removal [#1] removing this civil case from state court.  Concerned that the notice of removal does not demonstrate that this court has jurisdiction over this case, the magistrate judge issued an order to show cause [#4] directing Mr. Riggin to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  In his response [#5], Mr. Riggin fails to establish any basis for this court to exercise jurisdiction over this case.  In her recommendation [#9], the magistrate judge details cogently the lack of subject matter jurisdiction.  I concur, and, thus, approve and adopt the recommendation.

In his **Answer to Show Cause and Amended Notice of Removal - Motion for Leave To File Late Notice of Removal per 28 U.S.C. 1445(b)(1)** [#6], Mr. Riggin seeks, effectively, to amend his answer to the order to show cause to add some additional information.  I have reviewed the motion [#6] and conclude none of the additional information affects the validity of the analysis and conclusions of the magistrate judge.

**THEREFORE, IT IS ORDERED** as follows:

1. That the recommendation stated in the **Order and Recommendation of United States Magistrate Judge** [#9] filed December 14, 2015, is approved and adopted as an order of this court; and

2. That the **Answer to Show Cause and Amended Notice of Removal - Motion for Leave To File Late Notice of Removal per 28 U.S.C. 1445(b)(1)** [#6] is denied;

3. That this case is remanded to the District Court of Jefferson County, Colorado, where it was filed initially as Case No. 2006 C 011544; and

4. That this case is closed.

Dated March 15, 2016, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge